IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARY GORDON, | : | CIVIL ACTION NO. |
| | : | 1:14-CV-1128-WSD-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | : | |
| | : | **ORDER AND NON-FINAL REPORT** |
| | : | **AND RECOMMENDATION ON A** |
| Defendant. | : | **MOTION TO DISMISS** |

Plaintiff Mary Gordon, proceeding *pro se*, initiated this action by filing the Complaint in the Superior Court of DeKalb County on February 25, 2014. On April 16, 2014, Defendant Deutsche Bank National Trust Company removed the action to this Court. *See* Notice of Removal [1]. The action is now before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint [2] ("Motion to Dismiss"). For the reasons discussed below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [2] be **DENIED**.

I.     **BACKGROUND**

On February 25, 2014, Plaintiff Mary Gordon, proceeding *pro se*, filed a "Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction" ("Complaint") in the Superior Court of DeKalb County. *See* Complaint [1-1], attached to Notice of Removal [1]. On April 16, 2014, Defendant removed the

action to this Court on the basis of both federal question jurisdiction and diversity jurisdiction. *See* Notice of Removal [1] at ¶¶ 5-18. One week later, Defendant filed a Motion to Dismiss [2].

**II.    DISCUSSION**

On April 23, 2014, Defendant filed a Motion to Dismiss, arguing that the action must be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process, on the ground that Plaintiff failed to properly serve Defendant. In the alternative, Defendant argues that all the claims asserted against it in the Complaint must be dismissed under Rule 12(b)(6) for failure to state a claim for relief.

A.    *Timeliness of Plaintiff's Response*

Under the Federal Rules of Civil Procedure and the Local Rules of this Court, the deadline for Plaintiff to file a response to Defendant's Motion to Dismiss was on or about May 12, 2014. *See* LR 7.1B, NDGa; Fed. R. Civ. P. 6(d). Plaintiff, however, did not file her Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint [6] ("Response") until July 14, 2014, which was over two months after that deadline had passed. Although Plaintiff is proceeding *pro se* in this case, without benefit of counsel, a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th

Cir. 1989). Although the Court is willing to allow Plaintiff some latitude in deference to her *pro se* status, the Court cannot simply overlook the fact that Plaintiff filed her Response to the Motion to Dismiss over two months late. Plaintiff never requested any extension of time, nor did she file any motion requesting leave of the Court to permit her to file a Response out of time.

Nevertheless, because the Defendant's Motion to Dismiss is based in part on the issue of whether Plaintiff served Defendant with a copy of the Summons and Complaint, and the time limit for the Plaintiff to serve the Defendant had not expired at the time the Defendant filed the Motion to Dismiss, the Court has considered the Plaintiff's argument in her response regarding her attempt to effect service of the summons and Complaint on Defendant.

B.     *Failure of Service*

Defendant Deutsche Bank National Trust Company has requested that the Court dismiss the Plaintiff's Complaint under Rule 12(b)(5) on the ground that Plaintiff failed to serve it with a copy of the summons and Complaint. Defendant argues that "[i]f a complaint and summons are not properly served on a defendant, the Court lacks jurisdiction over that defendant." Def. Br. [2-1] at 6.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v.*

3

*Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Thus, for that reason, whenever a court finds that a defendant has not been properly served under the Federal Rules of Civil Procedure, it is "improper for the district court to . . . reach[ ] the merits in th[e] case and to . . . issue[ ] a dismissal with prejudice." *Jackson v. Warden, FCC Coleman–USP*, 259 Fed. Appx. 181, 182-83 (11th Cir. 2007); *see also Pelmore v. Pinestate Mortg. Corp.*, Civil Action No. 1:09-CV-2313-TWT, NDGa, 2010 WL 520767, at *5 (N.D. Ga. Feb. 8, 2010) (Thrash, J.) (*quoting Jackson*).

Accordingly, the Court cannot address the Defendant's arguments regarding the legal sufficiency of the Plaintiff's claims until it first addresses the issue of whether the Defendant has been properly served with the summons and Complaint. If the Defendant is correct that Plaintiff has failed to effect proper service under the Federal Rules, then the Court lacks personal jurisdiction over the Defendant and it cannot reach the Defendant's arguments regarding merits of the Plaintiff's claims, nor dismiss Plaintiff's claims with prejudice.[1]

---

[1] The Defendant could have chosen to waive the defenses of insufficient service of process and lack of personal jurisdiction, in which case the Court could have reached its argument that Plaintiff's claims should be dismissed for failure to state a claim. *See* FED. R. CIV. P. 12(h)(1); *see also Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1364 (11th Cir. 2006) ("[i]t is well-settled that lack of personal jurisdiction is a waivable defect") (citations omitted); *see also In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("objections to personal jurisdiction (unlike subject matter jurisdiction) are generally waivable"); *Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 901 (11th Cir. 1990)

4

After a case is removed from a state court to this Court, the Federal Rules of Civil Procedure govern service of process. *See* FED. R. CIV. P. 81(c)(1); *see also* 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."). Service of process in the federal courts is generally governed by Rule 4 of the Federal Rules of Civil Procedure, which provides, in relevant part:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

FED. R. CIV. P. 4(c)(1).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides the time limit for effecting service:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

("the insufficiency of process defense is waivable").

FED. R. CIV. P. 4(m); *see also* LR 41.2B, NDGa. The person effecting service is then required to file proof of service with the Court. FED. R. CIV. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court.").

Rule 4(h) establishes the proper method of service of process upon corporations. Pursuant to Rule 4(h), service upon a corporation may be effected either by: (1) complying with the requirements of service under the law of the state in which the district court is located or in which service is effected, or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1). Under Georgia law, service of process is effected in the same manner as provided in the Federal Rules of Civil Procedure. *See* O.C.G.A. § 9-11-4(e).

In addressing the issue of service, "the serving party . . . bears the burden of proof with regard to validity of service." *Anderson v. Dunbar*, 2009 WL 2568062, at *8 (N.D.Ga. Aug.18, 2009) (*citing Sys. Sings Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)); *Profit v. Americold Logistics, LLC*, 2008 WL 1902190, at *4 (N.D.Ga. Apr. 25, 2008). In this case, the Plaintiff has not filed any proof of service indicating that she served the summons and the Complaint upon Defendant Deutsche Bank National Trust Company. In her response to the Motion to

6

Dismiss, Plaintiff argues that she attempted to serve Defendant by serving "Dana Garrent Diment d/b/a ATTORNEY DANA GARRENT DIMENT, the attorney for the Defendant in its current foreclosure action against the Plaintiff." Pl. Resp. [6] at 4 (emphasis in original). But Plaintiff has not established that Dana Garrent Diment is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," as required by Rule 4. Thus, it appears that, at the time Defendant filed its Motion to Dismiss on April 23, 2014, Plaintiff had not established that she had effected service on the Defendant pursuant to the requirements of Rule 4.

Nevertheless, Rule 4(m) provides that a plaintiff has 120 days from the filing of the Complaint in this Court to effect service of the summons and Complaint before a Court may dismiss an action without prejudice for failure of service of process. FED. R. CIV. P. 4(m); *see also* 28 U.S.C. § 1448. Defendant removed the action to this Court on April 16, 2014. Thus, the time limit for Plaintiff to effect proper service under Rule 4(m) did not expire until on or around August 14, 2014. For that reason, Defendant's argument that this action must be dismissed on the ground of failure of service was made prematurely, because at the time it filed its Motion to Dismiss on April 23, 2014, the time limit for Plaintiff to effect service of the summons and Complaint had not expired.

7

Moreover, the 120-day time period imposed by Rule 4(m) was not meant to be enforced harshly or inflexibly. *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir. 1990); *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M. D. Fla. 1993). The rule was intended "to be a useful tool for docket management, not an instrument of oppression." *Floyd*, 900 F.2d at 1049 (*quoting United States v. Ayer*, 857 F.2d 881, 885-86 (1st Cir. 1988)).

After expiration of the 120-day time limit, Rule 4(m) provides two methods by which a plaintiff may avoid dismissal of the complaint: through a showing of "good cause" or by convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause. FED. R. CIV. P. 4(m); *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *see also Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir.1995).

> [T]he plain language of the rule itself explains that in all cases, the court has the option of dismissing the action or extending time for service. The fact that the word "shall" is used along with the disjunctive "or" in the first clause indicates that the court has discretion to choose one of these options. As an exception to this general provision, the second clause notes that if good cause exists, the district court has no choice but to extend time for service. Thus, the logical inference that can be drawn from these two clauses is that the district court may, in its discretion, extend time even absent a finding of good cause.

*Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m) advisory committee's note (1993) ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

Thus, under Rule 4(m), the Court must first determine if good cause exists for an extension of time. If good cause exists, the Court must extend the time for service. If, however, the Court finds that a plaintiff has failed to demonstrate good cause for the failure to effect service, the Court may consider whether, in its discretion, it should extend the time for service or dismiss the case without prejudice. *See Horenkamp*, 402 F.3d at 1132; *Petrucelli*, 46 F.3d at 1305.

Because the Defendant filed its Motion to Dismiss on April 23, 2014, and the Plaintiff filed her response to that motion on July 14, 2014, the parties have not indicated whether Plaintiff made any attempt to serve the Defendant between July 14, 2014, and August 14, 2014, the date the 120-day time period for service expired under Rule 4(m). As of this date, however, the August 14, 2014 deadline has expired, and Plaintiff has still not filed any proof of service indicating that she served the summons and the Complaint upon Defendant Deutsche Bank National Trust Company at any time. Thus, the undersigned finds that Plaintiff has failed to establish that she served

the Defendant within 120 days of the date that the Complaint was filed in this Court. The Court also finds that Plaintiff has failed to establish "good cause" for that failure.

Plaintiff states that she attempted to serve Defendant by serving "Dana Garrent Diment d/b/a ATTORNEY DANA GARRENT DIMENT, the attorney for the Defendant in its current foreclosure action against the Plaintiff." Pl. Resp. [6] at 4. But, as discussed, the Plaintiff has not established that Dana Garrent Diment is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," as required by Rule 4. Moreover, after the Defendant filed its Motion to Dismiss arguing that the Plaintiff's attempt at service was ineffective under the Federal Rules, the Plaintiff again failed to file any proof of service with the Court indicating that she ever attempted to serve the Defendant in accordance with the Rules even after she was on notice that her previous attempt at service was ineffective.

Although Plaintiff has failed to show good cause for the failure to effect timely service, Rule 4(m) allows the Court to extend the period for service of process and direct that service occur within a specified time. In applying Rule 4(m), courts are guided by the Advisory Committee's Note to the 1993 amendments to the rule, which states that a court's decision to relieve a plaintiff of the consequences of the

application of Rule 4(m) is justified when the applicable statute of limitations would otherwise preclude a plaintiff's claim.

> Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Fed. R. Civ. P. 4(m), Advisory Committee Note (1993); *see also Horenkamp*, 402 F.3d at 1132-33 ("Although the running of the statute of limitations does not require that a district court extend the time for service of process under the new rule, we agree with the district court that the circumstances of this case militate in favor of the exercise of the district court's discretion to do so." (citations omitted)).

In deference to Plaintiff's *pro se* status, the undersigned finds that the circumstances indicate that the Court should exercise its discretion in this case to extend the time for service and order that the summons and Complaint be served on Defendant within an appropriate time, as permitted by Rule 4(m). Accordingly, the Court extends the time for Plaintiff to effect service of process of the summons and complaint on Defendant for **twenty-one (21) days** from the date of this Order, or through **November 19, 2014**. Thereafter, Plaintiff is **ORDERED** to file proof of service with the Court on or before **November 26, 2014**.

In the alternative, if Plaintiff fails to file proof of service, she is **ORDERED** to show cause in writing on or before **November 26, 2014**, why this case should not be

11

dismissed for insufficient service of process pursuant to FED. R. CIV. P. 12(b)(5) and Local Rule 41.2, and want of prosecution pursuant to FED. R. CIV. P. 41(b) and Local Rule 41.3. Plaintiff is advised that a failure to comply with Order may result in a dismissal of this action. *See* LR 41.2(B), 41.3(A)(2), NDGa.

Accordingly, because the Court has extended the time for Plaintiff to serve the summons and Complaint on the Defendant, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [5] be **DENIED** at this time. The undersigned recommends that the denial of the Motion be without prejudice to the Defendant to refile another motion to dismiss in the future. In the event that the Plaintiff fails to serve the Defendant with the summons and Complaint within the time period stated herein, the Defendant may file another motion requesting dismissal on the ground of failure of service at that time.[2]

### III. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the Court extends the time for Plaintiff to serve the Defendant through **November 19, 2014**. Plaintiff is **ORDERED** to file proof of service with the Court on or before **November 26, 2014**, or, alternatively, to

---

[2] In the event that Plaintiff serves Defendant with the summons and Complaint within the time period stated herein, Defendant would also be entitled to respond to the Plaintiff's Complaint, including filing another motion to dismiss, in accordance with the Federal Rules of Civil Procedure.

show cause in writing why this case should not be dismissed for insufficient service of process and want of prosecution.

Because the time for Plaintiff to effect proper service on the Defendant has been extended by the Court, **IT IS RECOMMENDED** that the Defendant's Motion to Dismiss [2] be **DENIED**.

**IT IS SO RECOMMENDED** this 29th day of October, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE